AARON & PATERNOSTER, LTD.
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
2300 W. Sahara Ave., Suite 650
Las Vegas, NV 89102
PH: (702) 384-4111
FX: (702) 384-8222
email: bk@aaronpaternoster.com
Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

**JAMES LAMBERT and KELLI LAMBERT**

Debtor(s).

Chapter 13 Proceedings
Case No: 09-29709-LBR

DATE: 12/17/2009
TIME: 2:30 p.m.

## MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LOANS PURSUANT TO 11 U.S.C. §506(a) AND §1322.

COMES NOW, Debtors JAMES LAMBERT and KELLI LAMBERT ("Debtors"), by and through their attorney, MATTHEW AARON, of the law firm of AARON & PATERNOSTER LTD., and hereby move this Court to modify the rights of BAC HOME LOANS ("BAC") pursuant to 11 U.S.C.§506(a), and §1322, and Bankruptcy Rules 3012 and 9014. This Motion is based on the following Memorandum of Points and Authorities, the attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

Debtors filed the instant Chapter 13, Case Number 09-29709-LBR, on or about October 19, 2009. On or about the petition date, Debtors owned real property located at or about 1075 Sapphire Sky Court, Henderson, NV 89002 ("Property"). The value of the Property is approximately $239,085.00.[1] At the time Debtors filed their Petition, and currently, the first mortgage held by

---

[1] *See* copy of estimate from Cyberhomes.com attached hereto as Exhibit A.

MOREQUITY ("MOREQUITY") is in the approximate amount of $248,791.42[2]. The second mortgage, held by BAC HOME LOANS ("BAC"), is in the approximate amount of $116,163.00. As of the date of this filing, BAC has not filed a Proof of Claim on the second mortgage. On or about the date Debtors filed the instant bankruptcy, no equity existed in the Property above the lien held by MOREQUITY for its first mortgage. BAC'S second mortgage claim was wholly unsecured on the petition date and if the Property was sold at auction, BAC would receive nothing for said second mortgage claim.

## II.

## LEGAL ARGUMENT

A wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2).[3] The 9th Circuit reviewed and discussed *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993) regarding claims "secured" by real property, and the subsequent majority and minority interpretation and application thereof.[4] Based on its thorough analysis, the 9th Circuit found the majority interpretation and application of *Nobleman* to 11 U.S.C. §506 and §1322 compelling and held:

> Section 506(a) divides creditors' claims into 'secured . . . claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the creditor has a security interest in the debtor's property, § 506 (a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is a term of art and not every claim that is secured by a lien on property will be considered a 'secured claim.'[5]

Here, BAC'S second mortgage claim for the repayment is an unsecured claim because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed

---

[2]*See* B10 form (Proof of Claim 2-1) attached hereto as Exhibit B.

[3] *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002).

[4] *Id.*

[5] *Id.* at 1222-23.

of trust is greater than the value of the Property. Because BAC'S second mortgage claim is wholly unsecured (no equity exceeding the first mortgage on the Property exists), Debtors respectfully request this Court classify BAC'S second mortgage claim to that of a general unsecured creditor to be paid pro rata with like unsecured creditors. Additionally, Debtors request this Court strip BAC of its secured rights, if any, for its second mortgage claim under State law because no maintainable security interest in the Property exists as to the second mortgage. Furthermore, an adversary proceeding is not required to obtain the relief requested herein. Debtors need only request the relief sought herein by motion to "strip off" BAC'S consensual second mortgage/secured credit line lien.[6]

## III.

## CONCLUSION

WHEREFORE, based on the foregoing, Debtors respectfully request this Court: 1) "strip off" and extinguish BAC'S wholly unsecured second mortgage lien pursuant to 11 U.S.C. §506(a) upon completion of Debtors' Chapter 13 Plan payments; 2) Reclassify BAC'S second mortgage claim as a general unsecured claim to be paid pro rata with claims of other general unsecured creditors through Debtors' Chapter 13 plan; and 3) other relief the Court deems just, equitable and/or appropriate.

Dated this 12th day of November, 2009.

By: /s/ MATTHEW AARON
MATTHEW E. AARON, ESQ.
Nevada Bar #004900
Attorney for Debtor(s)

---

[6]See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R.693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R.641 (Bankr.C.D.Ill.2003), *In re Millspaugh*, 302 B.R.90 (Bank.D.Idahp2003), *Dickey v. Ben.Fin (In re Dickey)*, 293 B.R.360 (Bank.M.D.Pa.2003), *In re Hill*, 304 B.R.800 (Bankr.S.D.Ohio2003), *In re Sadala*, 294 B.R.180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (BankrW.D.N.Y.2003), *In re Robert*, 313 B.R.843 (Bankr.W.D.Ky.2004).

**EXHIBIT "A"**

## cyberhomes — Find the right neighborhood. Find the right home.

Home

# 1075 Sapphire Sky Ct, Henderson, NV 89002



Estimate:
**$239,085**
Change over last month:
**−$9,702**

Estimate range: **$215,176 - $274,947**
Last Updated: **9/23/2009**

### Home facts

| | |
|---|---|
| Bedrooms: | 4 |
| Bathrooms: | 3 |
| LivingArea: | 2,368 Sq ft |
| Lot Size: | 6,098 Sq ft |
| Type: | Single Family |
| Parcel Number: | 179-31-615-034 |
| County: | Clark |
| Year Built: | 2002 |
| Total Rooms: | 7 |
| Heating: | Forced air unit |
| Cooling: | Central |
| Number of Stories: | 2 |
| Legal Description: | PLAT BOOK 101 PAGE 21 LOT 34 BLOCK A |

### Estimated Home Value

■ This House

……… $310k
……… $215k

Nov Dec Jan Feb Mar Apr May Jun Jul Aug Sep
'09

### Sales History

| Sale Date | Sale Amount | Price per Living Area |
|---|---|---|
| 8/22/2002 | $204,867 | $86.51 |

### Assessed Values

| Year | Improve-ments | Land | Total |
|---|---|---|---|
| 2008 | $76,251 | $28,000 | $104,251 |
| 2007 | $71,905 | $64,050 | $135,955 |
| 2006 | $71,163 | $61,250 | $132,413 |

View this property at: http://www.cyberhomes.com/homes-henderson-nv-89002/1075sapphireskyct/30710760.aspx (Report created on: 10/6/2009)

Copyright © 2009 LPS Real Estate Group.
Cyberhomes and Cyberhomes.com are trademarks of FNRES Holdings, Inc. All Rights Reserved.

None of the Cyberhomes™ valuations provided via this site are an appraisal report of the market value of the subject property prepared by a licensed professional appraiser. The valuation has been generated by use of proprietary computer software which assembles publicly available property records and certain proprietary data to arrive at an approximate estimate of home valuation. The Cyberhomes valuations have not been prepared, evaluated or reviewed by a licensed professional appraiser.

**EXHIBIT "B"**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    District of  Nevada | PROOF OF CLAIM |

Name of Debtor: KELLI LAMBERT    JAMES LAMBERT
Case Number: 09-29709

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
MorEquity, Inc.

Name and address where notices should be sent:
P.O. Box 3788
Evansville, IN 47736

Telephone Number:
(800) 289-6998

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where notices should be sent (if different from above):

Telephone Number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $248,791.42

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money Loaned
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 7404

**3a. Debtor may have scheduled account as:** 4810
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff provide the requested information.

Nature of property or right setoff: ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____    Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim.

If any:  $6,319.40    Basis for perfection: Mortgage / DOT

Amount of Secured Claim: $248,791.42    Amount Unsecured: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a) (__).

Amount entitled to priority:
$ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attache redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**FOR COURT USE ONLY**

Date: 11/2/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach a copy of power of attorney, if any.

Bonnie Culver / Bk Dept    /s/ Bonnie Culver

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

```
BANKRUPTCY PROOF OF CLAIM EXHIBIT                                    11/02/09 19:14:08

BANKRUPTCY CASE NUMBER: 09-29709                CHAPTER: 13
        FILING DATE: 10/19/09
        LOAN NUMBER: ########4810
        LOAN TYPE: CONV RES

ATTORNEY: TIFFANY & BOSCO, P.A.      COURT:  NEVADA - DISTRICT OF NEVADA -
          2525 E. CAMELBACK RD                PATRICIA GRAY
          THIRD FLOOR                         300 LAS VEGAS BLVD., SOUTH
          PHOENIX          AZ                 ROOM 2130
          85016
                                              LAS VEGAS
                                              NV  89101


MORTGAGOR KELLI LAMBERT              TRUSTEE: KATHLEEN LEAVITT
          JAMES LAMBERT
          1075 SAPPHIRE SKY CT                302 E CARSON
          HENDERSON        NV                 STE 300
          89015
                                              LAS VEGAS
                                              NV  89101

PROPERTY ADDRESS:    1075  SAPPHIRE SKY CT HENDERSON           NV 89015

CLAIMED    ACKNOWLEDGED  CONFIRMED  CLAIM TOTAL  CONFIRMED TOTAL  PRIN BALANCE
10/28/09                              6,319.40        6,319.40      242,472.02

---------------- PAYMENTS --------------------   --------- LATE CHARGES -------
DUE DATE THRU  DUE DATE   AMOUNT       TOTAL   NUM  AMOUNT              TOTAL
07/01/09    -  10/01/09   1,517.64   6070.56   004   62.21              248.84

PAYMENT TOTALS:  07/01/09 - 10/01/09  6070.56  004                      248.84

------------------------------------ FEES -------------------------------------
FEE TYPE  FEE DESCRIPTION         CLAIMED     CONFIRMED  AMOUNT PAID

FEE TOTALS:                           .00          .00        .00
```

## CERTIFICATE OF SERVICE

On November 12, 2009, I served the following document(s)

**NOTICE OF HEARING ON MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LOANSPURSUANT TO 11 U.S.C §506(A) AND §1322; MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF BAC HOME LOANS PURSUANT TO 11 U.S.C. §506(A) AND §1322.**

2. I served the above-named document(s) by the following means to the persons as listed below:

x    a. ECF System (You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary.)

Trustee Kathleen Leavitt: courtsecf3@las13.com

x    b. United States mail, postage fully prepaid, addressed as follows:
(List persons and addresses. Attach additional paper if necessary.)

Certified Mail:

BAC HOME LOANS SERVICING, LP
Agent, Officer or Managing Partner
450 American Street
Simi Valley, CA 93065

Regular Mail:

JAMES & KELLI LAMBERT
1075 Sapphire Court
Henderson, NV  89002

o    c. Personal Service (List persons and addresses. Attach additional paper if necessary)

I personally delivered the document(s) to the persons at these addresses:

o    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the documents(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents(s) in a conspicuous place in the office.

o    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s)at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

o    d. By direct email (as opposed to through the ECF System)
(List persons and email addresses. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.

I did not receive, within a reasonable time after the transmission,.any electronic message or other indication that the transmission was unsuccessful.

o    e. By fax transmission (List persons and fax numbers. Attach additional paper if necessary)

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

o    f. By messenger (List persons and addresses. Attach additional paper if necessary) I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must he attached to this Certificate of Service,).

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: November 12, 2009.

*Benita Perez*

An employee of Aaron & Paternoster, Ltd